UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| v. | : | 3:13CR00041(JCH) |
| | : | |
| RICHARD PEREIRA | : | JULY 31, 2015 |

### ORDER OF RESTITUTION

As part of the Judgment of Conviction entered on the 7th day of May, 2015, in the above-captioned matter;

IT IS HEREBY ORDERED that the defendant, Richard Pereira, jointly and severally with co-defendants David Bryson and Bart Gutekunst, shall make restitution in the total amount of $57,068,404.56.

Restitution shall be paid to the victims identified in Schedule A attached hereto on a Pro Rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim as set forth more fully in Schedule A (filed under seal). Any amount later recovered by a victim, pursuant to 18 U.S.C. section 3664(j)(2), shall be deducted from the total restitution amount for that victim.

The defendant shall pay any restitution in a lump sum payable immediately. He shall be jointly and severally liable for this restitution balance with his co-defendants. If the defendant is unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of 10% of the defendant's net monthly income, but not less than $250 per month. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the court. Any

receipt by the defendant of any lump sum payments or assets shall be reported to the Probation Office within 48 hours or receipt of the lump sum payment/asset, or within 48 hours of the defendant's receipt of knowledge that such payment/asset will be received, whichever is sooner.  The Probation Office will determine what, if any, portion of such lump sum payment/asset shall be paid to the restitution amount.  The defendant may not transfer, spend or dispose of the lump sum payment/asset until the Probation Office has made its determination and it has been acted on by the court.

The defendant shall make payment to the Clerk of Court.  Payment may be made in the form of cash, check or money order.  All payments by check or money order shall be made payable to the "Clerk, United States District Court," and each check shall be delivered to the United States District Court, Attention: Clerk's Office, 141 Church Street, New Haven, CT 06510 as required by 18 U.S.C. § 3611.  The defendant shall write the docket number of this case on each check delivered to the Clerk's Office.  Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed.

The Clerk shall distribute restitution payments to the victim(s) identified in this order in accordance with the District's Standing Order on the Disbursement of Restitution Payments by the Clerk of Court.

The defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The defendant shall notify the court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any change in address.

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its Inmate Financial Responsibility Program ("IFRP"), 28 U.S.C. § 545.10 et seq. up to the maximum amount permitted under the IFRP guidelines.

Furthermore, nothing in this order shall prevent the victim(s) or the United States from pursuing immediate collection through civil remedies allowed by the law in accordance with 18 U.S.C. § 3664(m).

The defendant shall apply to any restitution still owed the value of any substantial resources from any source the defendant receives during the period of incarceration, including inheritance, settlement or other judgment in accordance with 18 U.S.C. § 3664(n).

The liability to pay restitution shall terminate the later of 20 years from the entry of judgment or 20 years after the defendant's release from prison, or upon the death of the defendant.

**SO ORDERED**.

Dated at New Haven, Connecticut, the 31st day of July, 2015.

 /s/Janet C. Hall  
Janet C. Hall  
United States District Judge